IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-cv-00320

ATLANTIC COAST PIPELINE, LLC,

   *Plaintiff*,

 v.

5.038 ACRES, MORE OR LESS, IN WILSON COUNTY, NORTH CAROLINA, LOCATED ON PARCEL IDENTIFICATION NO. 2761-82-0719.000, AND IDENTIFIED IN BOOK 208, PAGE 296, LESS AND EXCEPT A CERTAIN TRACT CONTAINING 42.1 ACRES, MORE OR LESS, AS DESCRIBED IN BOOK 208, PAGE 593, LESS AND EXCEPT A CERTAIN TRACT CONTAINING 47.7 ACRES, MORE OR LESS, AS DESCRIBED IN BOOK 214, PAGE 152,

 and

DORIS B. BARNES
23 Stillhouse Road SE
Atlanta, GA 30339,

 and

LINDA BARNES CATER
23 Stillhouse Road SE
Atlanta, GA 30339,

   *Defendants*.

**COMPLAINT IN CONDEMNATION**

15 U.S.C. § 717f(h); Fed. R. Civ. P. 71.1

## Nature of the Case

 1. Plaintiff Atlantic Coast Pipeline, LLC ("Atlantic"), pursuant to its power of eminent domain as authorized by Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), and Federal

Rule of Civil Procedure 71.1, files this action for (i) the taking of certain interests in real property; (ii) if later requested, immediate possession of the easements described herein; and (iii) the ascertainment and award of just compensation to the owners of interest in real property, Doris B. Barnes and Linda Barnes Cater, and any other interested parties (collectively, the "Owners").

## Jurisdiction and Venue

2. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), because: (a) Atlantic is the holder of a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission ("FERC") for the construction of an interstate natural gas pipeline that crosses West Virginia, Virginia, and North Carolina; (b) Atlantic, despite negotiation efforts, has been unable to acquire by contract, or has been unable to agree with the Owners as to the compensation to be paid for, the necessary easements to construct, operate, and maintain a pipeline for the transportation of natural gas; and (c) the amount claimed by the Owners exceeds $3,000.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the interests in the real property that Atlantic seeks to condemn are located within the Eastern District of North Carolina.

## Parties

4. Atlantic is a Delaware limited liability company with its principal office located at 120 Tredegar Street, Richmond, Virginia 23219. Atlantic is an interstate natural gas company as defined by the Natural Gas Act, 15 U.S.C. § 717a(6), and, as such, is authorized to construct, own, operate, and maintain pipelines for the transportation of natural gas in interstate commerce. Atlantic's transportation of natural gas in interstate commerce is subject to the jurisdiction and approval of FERC.

5. Doris B. Barnes has a life estate in and Linda Barnes Cater has a remainder interest in that certain tract of land identified as Parcel Identification No. 2761-82-0719.000, composed of 41.00 acres, more or less, being more particularly described as 146.5 acres, more or less in Book 208, Page 296, of the public records of said County, less and except a certain tract containing 42.1 acres, more or less, as described in Book 208, Page 593 of the public records, less and except a certain tract containing 47.7 acres, more or less, as described in Book 214, Page 152 of the public records of said County (the "Property"). The Property is depicted in **<u>Exhibit 1</u>**.

6. There may be other persons who claim an interest in the property to be condemned whose names are currently unknown to Atlantic because they could not be ascertained by a diligent inquiry. These persons will be made parties to this action as permitted by Federal Rule of Civil Procedure 71.1(c)(3).

**Facts**

7. Atlantic is in the process of constructing an approximately 600-mile underground pipeline and related facilities for the purpose of transporting natural gas from West Virginia to Virginia and North Carolina (the "ACP Project").

8. The ACP Project will measure approximately 42 inches in diameter in West Virginia and Virginia, and 36 inches in diameter in North Carolina. Certain extensions of the ACP Project will measure 20 inches in diameter from Northampton County, North Carolina to the City of Chesapeake, Virginia and 16 inches in diameter in Brunswick County, Virginia and Greensville County, Virginia.

9. Natural gas transported by the ACP Project will serve multiple public utilities and is necessary to satisfy the growing energy needs of consumers in Virginia and North Carolina.

10. Atlantic filed an application for a certificate of public convenience and necessity with FERC on September 18, 2015, FERC Docket No. CP15-554-000, in which it sought permission to construct the ACP Project and attendant facilities. On October 13, 2017, FERC issued a certificate of public convenience and necessity (the "FERC Certificate") authorizing Atlantic to construct and operate the ACP Project. A copy of the FERC Certificate is attached as **Exhibit 2**.

11. FERC found that the ACP Project will "primarily serve natural gas demand in Virginia and North Carolina." *See* Ex. 2, at 35, ¶ 79.

12. FERC also found that the "public at large will benefit from increased reliability of natural gas supplies." *See* Ex. 2, at 35, ¶ 79.

13. As a result, the ACP Project "serves a 'public use'" as determined by FERC. *See* Ex. 2, at 34, ¶ 79.

14. Atlantic must begin construction of the ACP Project as soon as possible to ensure completion within FERC's deadline. *See* Ex. 2.

15. The FERC-approved route of the ACP Project crosses the Property. A map depicting the route of the ACP Project is attached as **Exhibit 3**.

16. Atlantic seeks to construct a portion of the ACP Project on the Property. The ACP Project cannot be constructed until Atlantic acquires certain permanent easements (the "Permanent Easements") and temporary easements (the "Temporary Easements (collectively the "Easements") on the Property. The Easements are necessary for constructing, maintaining, operating, altering, testing, replacing, and repairing the ACP Project.

17. A plat depicting the size and nature of the Easements and the ACP Project's route across the Property is attached hereto as **Exhibit 4**.

18. The Permanent Easements to be taken on the Property include a permanent and exclusive easement and right-of-way to construct, operate, maintain, replace, repair, remove or abandon the ACP Project and appurtenant equipment and facilities, as well as the right to change the location of the installed pipeline within the area of the Permanent Easement as may be necessary or advisable.

19. The Temporary Easements will enable Atlantic to construct the ACP Project and engage in restoration or clean-up activities. The Temporary Easements are requested as of the date of authorized entry onto the Property and their use is required until all work, including restoration, is complete. The Temporary Easements will be effective and condemned for a period not to exceed five (5) years following Atlantic's possession of the Easements.

20. Atlantic also seeks to acquire the right of ingress and egress to and from and through the Easements; the right to transport pipe, vehicles, machinery, persons, equipment, or other materials to and from and through the Easements, and the right of access through any existing roads on the Property.

21. Atlantic also seeks the right to fell trees and clear brush or other vegetation as necessary or convenient for the safe and efficient construction, operation, or maintenance of the ACP Project or to maintain safe and efficient access to and from the ACP Project.

22. The Owners shall retain the right to use the Property in any manner that will not interfere with the use and enjoyment of Atlantic's rights under the Easements. Specifically, the Owners shall not, without the prior written consent of Atlantic: (a) change the depth of cover or otherwise undertake earthmoving or construction within the Permanent Easements; (b) place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to buildings, swimming pools, sheds, concrete pads, mobile homes, trees, telephone or

electric poles, water or sewer lines, or similar structures, within the Permanent Easements; (c) store or operate any heavy equipment in the Permanent Easements, except the use of typical farming equipment; and (d) construct ponds or lakes in a manner that would flood the Permanent Easements.

23. Atlantic has negotiated with the Owners and has made several efforts to acquire the Easements by contract.

24. Atlantic began negotiations with the Owners in December 2015. Specifically, on December 4, 2015, an agent of Atlantic (the "First Agent") spoke with Owner Cater regarding the acquisition of certain easements for the ACP Project. In addition, Atlantic sent the Owner a letter containing an initial offer and a proposed easement agreement.

25. In February 2016, Atlantic attempted to continue negotiations with the Owners, but an agent of Atlantic (the "Second Agent") was informed that the Owners did not want to negotiate.

26. Throughout 2016, another Atlantic agent (the "Third Agent") further attempted to continue negotiations with the Owners by calling and leaving messages in March, May, June, July, August and September.

27. In March and April 2017, another agent of Atlantic (the "Fourth Agent"), contacted the Owners numerous times by telephone, electronic mail and federal express in an attempt to continue negotiations.

28. Throughout the remainder of 2017, Atlantic's Fourth Agent continued to attempt negotiations with the Owners by leaving voice mails and sending emails. Specifically, in September 2017, Atlantic provided a revised proposed easement agreement to Owner Cater via electronic mail.

29. Until January 25, 2018, when the Fourth Agent received a voicemail from the Owners' newly retained counsel, Atlantic continued to attempt to contact the Owners by telephone and electronic mail to continue negotiations.

30. On June 6, 2018, Atlantic sent Owners' counsel a letter with a final offer, along with a copy of the plat attached hereto as **Exhibit 4**.

31. Atlantic then sent Owners another letter with a final offer dated June 19, 2018, along with a copy of the plat attached hereto as **Exhibit 4**.

32. Atlantic, through counsel, has continued to negotiate with the Owners, through counsel, regarding the easement acquisition and the final offer letter and its accompanying plat, but the parties have been unable to reach an agreement.

33. To date, Atlantic and the Owners have been unable to agree on the compensation to be paid and the terms of the Easements. The Owners have not provided Atlantic with a counteroffer. Thus, despite these negotiations, Atlantic has been unable to acquire the Easements by contract.

34. Pursuant to the authority granted to Atlantic by Congress in Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Atlantic now seeks to take by eminent domain the Easements over the Property as depicted herein and in **Exhibit 4**.

**WHEREFORE**, Atlantic respectfully requests that this Court:

A. Enter an Order of Judgment of Taking by Eminent Domain as to the Easements as described herein;

B. If later requested, grant Atlantic immediate possession of the Easements in the form of a preliminary injunction prior to the determination of just compensation upon deposit with the

Court of a sum of money representing the value of such Easements as determined by Atlantic's appraisal or land rights valuation analysis;

C. Ascertain and award just compensation to the Owners for the taking of the Permanent Easements;

D. Ascertain and award just compensation to the Owners for the taking of the Temporary Easements; and

E. Grant such other relief as may be just and proper.

This the 29th day of June, 2018.

/s/ Henry L. Kitchin, Jr.
Henry L. Kitchin, Jr.
N.C. State Bar No. 23226
MCGUIREWOODS LLP
Post Office Box 599 (28402)
Wilmington, North Carolina 28401
Telephone: (910) 254-3800
Facsimile: (910) 254-3900
Email: hkitchin@mcguirewoods.com

Dhamian A. Blue
N.C. State Bar No. 31405
Blue LLP
205 Fayetteville Street
Raleigh, North Carolina 27601
Telephone: (919) 833-1931
Facsimile: (919) 833-8009
Email: dab@bluellp.com

*Of Counsel:*

John D. Wilburn
Email: jwilburn@mcguirewoods.com
Richard D. Holzheimer, Jr.
Email: rholzheimer@mcguirewoods.com
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5050

*Counsel for Atlantic Coast Pipeline, LLC*